# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Bret Kernoff and     }
Diana Kernoff               }
                            }     Docket No. 134-6-02 Vtec
                            }
                            }

## Decision and Order on Cross-Motions for Summary Judgment

In the above-captioned case[1], Appellants Bret Kernoff and Diana Kernoff appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of North Hero, denying their application to place a helicopter landing area at the North Hero Marina for the use of guests of the Marina. Appellants are represented by David H. Greenberg, Esq.; the Town is represented by Richard C. Whittlesey, Esq.

The parties have each moved for summary judgment. The following facts are undisputed unless otherwise noted. To avoid confusion, in the following discussion we will not employ the term " permitted use," as it is used in the Zoning Bylaws both to mean " allowed (as opposed to prohibited) use" (see, e.g., § 130(C); § 252(E)) and also is used to mean a use requiring only a permit from the Zoning Administrator, as opposed to a use requiring conditional use approval. See, e.g., § 430(B) as compared with § 430(C).

Appellants hold approval for the North Hero Marina as a Planned Unit Development (PUD), allowed in the Shorelands zoning district under § 252 of the Zoning Bylaws. In the application involved in the present appeal, they applied for approval of a helipad or heliport (helicopter landing area) as an amendment to their PUD. The parties have moved for summary judgment on the issue of whether a helipad or heliport is a use which may be applied for as part of a PUD. Appellants argue that § 252 describes the non-residential uses which may be applied for as part of a PUD by a non-exclusive list (" non-residential uses including but not limited to . . . " ), and that therefore other non-residential uses may be incorporated into a PUD. They also argue that a helipad or heliport may qualify as an ' accessory use' to the marina, or as a ' recreational facility' in its own right, both of which are listed as non-residential uses which may be applied for as part of a PUD. The Town argues that a helipad or heliport is not an allowed use under any conditions in any district in the Town, based on § 130 of the Zoning Bylaw, which provides that " [a]ny use which is not permitted by these regulations is prohibited."

Although a helipad or heliport, like an airport, train station, horse stables, car or bicycle parking area, or ferry landing, is not a listed land use in the Zoning Bylaws, the PUD regulations allow a non-exclusive list of non-residential uses to be applied for as part of a PUD. As the uses listed in § 252(E)(2) are specifically provided as examples only, it follows that other uses not listed may be applied for as part of a PUD, as long as they are uses potentially allowed in the district or in the Town at all. § 345. However, the long list of allowed non-residential uses would be surplusage if all non-residential uses were to be allowed in a PUD. To give meaning to the

structure of § 252(E)(2), the non-residential uses allowed in a PUD must consist of the listed uses and other similar uses.

Therefore, the proposed helipad or heliport may be applied for as part of Appellants' PUD, but only if it qualifies as an accessory use to the primary use of the PUD as a marina, or if it is a recreational facility in its own right, or if it can be shown to be similar to any of the other uses listed in § 252(E)(2) or, like a marina, specifically allowed in the district. § 430. See In re Appeal of Spencer, Docket No. 24-2-98 Vtec (Vt. Envtl. Ct., May 17, 1999).

We note that this decision only resolves the question of whether Appellants may apply for the helipad or heliport as an amendment to their PUD. Under § 252, to obtain approval of the helipad or heliport use, Appellants will first have to show that falls within one of the allowed use categories, and then will have to show that it meets all the standards for approval, including all the requirements of § 252 (and specifically § 252(G) and § 252(H)(5)); all the requirements for approval as a conditional use, § 430(C); and the § 340 performance standards.

As described in the motion, we note that it appears that the proposed helipad or heliport is being proposed as an accessory use to the marina use of the property. That is, the proposed helipad or heliport seems to be proposed for the use of guests arriving at or departing from the marina grounds (and possibly also as a base for a lake rescue helicopter), and not for the use of any common carrier helicopter transportation business or any business providing recreational helicopter rides. An unusual feature of the North Hero Zoning Bylaws is that they lack a section defining the terms used in the ordinance. Ordinarily, the term " accessory use" is defined as a use that is subordinate to and customarily incidental to the primary use on the property. We note that Appellants' proposal will have to be sufficiently specific as of the time of trial for the Court to determine whether it falls within an allowed category, as well as whether it qualifies for approval.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is GRANTED and the Town' s Motion for Summary Judgment is DENIED, in that Appellants may apply for approval of the helipad or heliport proposal as an accessory use to the marina use of the property, or as a recreational facility, or any other use allowed in the Shorelands District or similar to the uses listed in § 252(E)(2). Material facts remain in dispute as to whether Appellants' proposal falls within the use category of ' accessory use' or ' recreational facility,' or any other particular use category, as well as to whether Appellants' proposal meets any or all of the criteria for approval.

Done at Barre, Vermont, this 13th day of January, 2003.


_____
Merideth Wright
Environmental Judge

## Footnotes

[1]  Another appeal is pending under the same name and involving the same property, Docket No. 240-10-02, but the parties agree that the two cases are otherwise unrelated and do not need to be scheduled together for trial.